On December 1, 1997, Joshua Denham entered pleas of no contest to two counts of burglary and one count of attempted burglary, as charged by indictment. The state agreed to recommend concurrent sentences and otherwise remain silent as to sentencing. The State also agreed not to pursue additional charges related to a failure by Denham to appear in court. The trial court found Denham guilty as charged. At the time, Denham was represented by retained counsel, Philip J. Brumbaugh, who the record discloses had represented Denham on the charges since at least April 16, 1997.
On January 7, 1998, Denham, represented by new counsel, moved to vacate the prior pleas. Denham's affidavit in support stated as follows:
 2. My previous attorney did not prepare for my defense.
3. I am innocent of the charges herein.
4. I informed my attorney of my innocence.
5. My attorney pressured me into pleading guilty.
The motion to vacate came on for hearing January 20. Although Denham, referring to his affidavit, testified that the above statements were true, his testimony only elaborated on statements 2 and 4, i.e., that defense counsel Brumbaugh failed to prepare a defense and coerced Denham's pleas of no contest. Essentially, Denham's contention that Brumbaugh failed to prepare a defense was based on his testimony that Brumbaugh spent little time conferring with him and didn't give him more information. Essentially, Denham's contention that Brumbaugh coerced his no contest pleas was based on his testimony that Brumbaugh told him he couldn't win at trial because at least one of two accomplices would testify against him and that if he didn't change his pleas, he would remain in jail on a high bond. Denham conceded that he had no reason to believe either of these statements was not true. The State presented no witnesses.
The trial court overruled the motion to withdraw plea in a lengthy decision. The trial court noted that a pretrial conference occurred April 21, 1997, and that on July 7, 1997, the case was scheduled for change of plea on July 14, 1997. (At the January 20, 1998 hearing, the trial court had observed that the change of plea was scheduled at Brumbaugh's request.) The decision continued:
 On July 17, 1997 another capias was issued for the Defendant, since he failed to appear on July 14, 1997.
 On December 1, 1997 the Defendant appeared in court with his counsel and withdrew his former pleas of not guilty and entered no contest pleas to the three counts.
 Bond was set in the amount of $5000.00 which the Defendant promptly posted. The Defendant was referred for a presentence investigation and sentencing was set for January 20, 1998.
 The Defendant failed to report to the probation department and on January 5, 1998 substitution of counsel was filed.
 On January 7, 1998 the Defendant filed his motion to vacate his no contest pleas which was set for hearing January 20, 1998.
 At the hearing the Court considered the testimony of the Defendant (the only witness) and the Defendant's no contest plea form executed and filed on December 1, 1997 (Court's Exhibit A) and the transcript from the Defendant's change of plea.
 The Defendant retained his own counsel (Phillip J. Brumbaugh) to represent him in the case.
 The Defendant testified Mr. Brumbaugh pressured him into changing his plea to no contest. The basis of this pressure, according to the Defendant, was his attorney's advice that he (the Defendant) was going to be stuck in jail on a large bond.
 The Defendant further acknowledged that his attorney advised him a co-defendant would be testifying against him at the time of the trial, but he did not think his attorney did any work on his case.
 Both the Defendant and his mother (who was present at the change of plea) thought the court appearance on December 1, 1997 was for a bond hearing.
 The transcript from the change of plea indicates the Defendant was put under oath on December 1, 1997 (Pg. 2) and then asked numerous questions.
Specifically, the Defendant was asked:
 Court: Okay. Has Mr. Brumbaugh answered all your questions for you and explained everything to you?
Mr. Denham: Yes sir.
 Court: And are you satisfied with his advise, counsel and competence in this case?
Mr. Denham: Yes sir. (Pg. 5)
 Court: Okay. Now, uh, did you have a chance to go over that no contest plea form with your attorney, Mr. Brumbaugh?
Mr. Denham: Yes sir.
 Court: Did you have a chance to ask him questions, you (sic) understand it, basically it says what I've been talking to you about here, do you understand that?
Mr. Denham: Yes sir.
 Court: Okay. Um, and, uh, did you voluntarily sign your name to the end of that?
Mr. Brumbaugh: It's not yet signed.
 Court: Okay. Could you go ahead and do that now?
Mr. Brumbaugh: Sure.
Court: It's on the front and back side.
 Mr. Brumbaugh: Right here. And on the back too. (Pg. 10)
 The Court is presented with the Defendant indicating under oath his attorney explained everything to him and he was satisfied with his advice, counsel and competence on December 1, 1997 and the Defendant indicates on January 20, 1998, under oath, his attorney did not explain everything to him and he was not satisfied with him. (Apparently the Defendant is unfamiliar with R.C. 2921.11.)
 The Court concludes the Defendant's testimony on January 20, 1998 is unbelievable.
 The transcript of the change of plea indicated the requirements of Crim. Rule 11 were followed as well as the requirements of Senate Bill 2.
 The transcript also reflects part of the plea bargain in this case was that no other charges would be processed against the Defendant (Pg. 3) (for felony failure to appear).
 The Court cannot ascertain any legitimate or reasonable basis for the Defendant's attempt to withdraw his plea, although it could be inferred from the State's cross-examination that of the witnesses who would testify against the Defendant, the two co-defendants are now respectively in the pen and in the Navy, thus potentially causing the State difficulty in proceeding.
 This is not a legitimate basis to withdraw a plea. The Defendant does not have an absolute right to withdraw a plea. State v. Xie (1992), 62 Ohio St.3d 521.
 Considering the totality of the circumstances, the Court overrules the Defendant's motion to vacate his plea of no contest.
Denham was subsequently sentenced to concurrent sentences of two years on each burglary count and one year on the attempted burglary count. He then appealed.
Denham contends in his assignment of error that the denial of his motion to vacate his no contest pleas was an abuse of discretion.
State v. Xie (1992), 62 Ohio St.3d 521 provides:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
 State v. Peterseim (1980), 68 Ohio App.2d 211 provides:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Denham does not contend that the trial court's Crim.R. 11 colloquy was deficient or that he was not given a proper hearing on his motion to withdraw his no contest pleas.Peterseim considerations 2, 3, supra.
He does contend that Brumbaugh was not "highly competent."Peterseim consideration 1. Denham places great weight upon his "unrefuted" testimony that (1) Brumbaugh scared him into pleading; (2) Brumbaugh told him that the jury would convict him notwithstanding his protestations of innocence; (3) Brumbaugh only spoke to him for ten minutes immediately before he entered his pleas; (4) Denham didn't realize that the purpose of the December 1, 1997 proceeding was to change his pleas; (5) Brumbaugh was unprepared to try the case.
The difficulty with Denham's reliance on his unrefuted testimony to establish an abuse of discretion is that the trial court found it "unbelievable." Having found Denham's testimony unbelievable, there was no basis for the trial court — or for us — to conclude that Brumbaugh was not functioning as highly competent counsel when he advised Denham to plead no contest.
Even if the trial court might have used "unbelievable," at least to some extent, as a synonym for "chutzpah," Denham nevertheless failed to demonstrate that Brumbaugh was not highly competent. If Brumbaugh told Denham that an accomplice would testify against him and that he would stay in jail on a high bond if he didn't change his pleas, there is record support for both those statements, and communicating that information to Denham did not amount to coercion. There is also record support for Brumbaugh's advice to Denham, if given, that he would be convicted notwithstanding protestations of innocence. We do not read Denham's testimony to mean that he never spoke with Brumbaugh other than immediately entering his no contest pleas, and the record belies that interpretation. Denham's contention that he was unaware that the purpose of the December 1, 1997 proceeding was for a change of plea is undercut by the November 24, 1997 assignment notice to that effect (Doc. #16), a copy of which was sent to Denham at the Miami County Jail. Finally, there is nothing of record to demonstrate that Brumbaugh was not prepared to try the case. What is apparent is that as of April 16, 1997, Brumbaugh had received discovery from the prosecutor, and that, at least as of December 1, 1997, Brumbaugh (1) knew that an accomplice would implicate Denham and (2) had obtained the prosecutor's commitment to recommend concurrent sentences and to not pursue additional charges.
Although Denham contends that the trial court did not give full and fair consideration to his motion to withdraw his no contest pleas, Peterseim consideration 4, this contention is based on his earlier contention that Brumbaugh was not highly competent as shown by his unrefuted testimony. We are not, as discussed above, impressed by that contention. In our judgment, the record demonstrates full and fair consideration of the withdrawal request.
We conclude that the trial court acted within its discretion in concluding there was no basis upon which Denham should be allowed to withdraw his plea.
The assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
James D. Bennett John H. Rion Hon. Robert J. Lindeman