OPINION
On September 18, 1998, the Licking County Grand Jury indicted appellant, David Sugar, Jr., on one count of driving under the influence in violation of R.C. 4511.19(A)(1). On March 31, 1999, appellant appeared with his attorney, Gregory E. Carter, Esq., and pled no contest. By judgment entry filed same date, the trial court found appellant guilty. Sentencing was deferred pending a presentence investigation report. On May 14, 1999, Attorney Carter filed a motion to withdraw as counsel. Said motion was granted. On May 17, 1999, appellant appeared for sentencing with new counsel, Mark Colucci, Esq. Appellant requested a continuance of the sentencing and expressed his desire to withdraw his plea. Appellant claimed his plea was tainted because Attorney Carter was the arraigning magistrate in the case sub judice and then later became his trial counsel. The trial court denied appellant's request and proceeded to sentencing. By judgment entry filed May 17, 1999, the trial court sentenced appellant to one year in jail, all but sixty days suspended, and imposed a $1,000 fine plus court costs. On May 21, 1999, appellant filed a motion to vacate his plea pursuant to Crim.R. 32.1. By judgment entry filed May 24, 1999, the trial court denied said motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA, WHEN THE UNDISPUTED FACTS INDICATE THAT: 1. APPELLANT'S DEFENSE COUNSEL, SERVED IN A JUDICIAL CAPACITY ON APPELLANT'S CASE PRIOR TO ACCEPTING EMPLOYMENT AS APPELLANT'S DEFENSE COUNSEL.
 2. THAT AT A CRITICAL POINT IN THE PLEA NEGOTIATION PROCESS, APPELLANT LOST FAITH IN THE INDEPENDENT JUDGMENT OF HIS COUNSEL, BASED UPON COUNSEL'S PRIOR ROLE AS A JUDICIAL OFFICER IN HIS CASE.
 3. THE TRIAL COURT, BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL BASED UPON A "CONFLICT OF INTEREST," HAS IMPROVIDENTLY ENCROACHED UPON THE CODE OF PROFESSIONAL RESPONSIBILITY, IN THAT THE TRIAL COURT'S DECISION HAS NOW SANCTIONED A LAWYER'S KNOWING AND WILLFUL VIOLATION OF DISCIPLINARY RULE 9-101, INVOLVING AVOIDING THE APPEARANCE OF IMPROPRIETY AND PROHIBITING THE ACCEPTANCE OF PRIVATE EMPLOYMENT IN A MATTER UPON THE MERITS OF WHICH (THE ATTORNEY) HAS ACTED IN A JUDICIAL CAPACITY (SEE DR 9-101), ALL GAINST (SIC) OHIO LAW, PUBLIC POLICY CONCERNS AND THE CODE OF PROFESSIONAL RESPONSIBILITY.
 4. DISCIPLINARY RULES CONTAINED IN THE CODE OF PROFESSIONAL RESPONSIBILITY ARE THE MINIMUM LEVEL OF CONDUCT BELOW WHICH NO LAWYER CAN FALL WITHOUT BEING SUBJECT TO DISCIPLINARY ACTIONS, AND SUCH RULES ARE MANDATORY IN CHARACTER, UNLIKE THE ASPIRATIONAL ETHICAL CONSIDERATIONS RECITED IN THE SAID CODE OF PROFESSIONAL RESPONSIBILITY.
 I
Appellant claims the trial court erred in denying his motion to withdraw his plea. Pursuant to Crim.R. 32.1, a motion to withdraw a plea of no contest "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the law as it exists, a denial of such a motion is reviewed under an abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Attorney Carter was permitted to withdraw prior to sentencing. T. at 4. Attorney Colucci then made the following statement to the court: I'm also going to be filing a motion to continue, for a purpose to file a motion to vacate the guilty plea made by this particular defendant, based upon matters which will be set forth in writing, should the motion to continue the sentencing be granted. If not, in the alternative, I anticipate filing a motion to vacate after the sentencing.
T. at 4-5.
Attorney Colucci's reasoning for making this statement was explained as follows: With regards to the sentencing, to be honest, Your Honor, I have no position to take at this point. I've just come on the case. Our concern — and — we mean to cast no dispersions at all on former counsel — in my brief review of the file, was that he [Attorney Carter] was the arraigning magistrate for the — employee of the State of Ohio to set the bond on this case, and he subsequently became the defense counsel for that same defendant. I think there's at least an appearance of a conflict of interest that the court — we would — we would argue the Court to continue this matter for sentencing and allow us to file a motion to vacate and argue the merits of that, if the Court will rule on that.
T. at 5.
The trial court denied the request for a continuance and proceeded with sentencing. T. at 7. From the discussion cited, it is clear the motion denied prior to sentencing was a motion to continue the sentencing and not a motion to withdraw plea under Crim.R. 32.1. We note no written motion to continue the sentencing was ever filed. On May 21, 1999, appellant filed a written motion to vacate his plea pursuant to Crim.R. 32.1. This motion was filed some four days after sentence was imposed. Attached to the motion was an affidavit by appellant verifying the facts of the motion as true. The affidavit and the motion argue Attorney Carter should not have represented him because said representation violated DR 9-101. Appellant argued he became concerned about the quality of Attorney Carter's representation because he changed his opinion of an officer/witness. Appellant argued this indicated Attorney Carter's personal relationship with the officer/witness and was an indicia of bias towards the state's witnesses. By judgment entry filed May 24, 1999, the trial court denied the motion without hearing. Because the motion to withdraw plea under Crim.R. 32.1 was made after sentencing, the issue before the trial court was whether there was a need to correct a manifest injustice. Crim.R. 12(E) provides that a trial court may resolve motions "based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." In State v. Teofilo (March 3, 1995), Richland App. No. 94CA472, unreported, this court relied on State v. Peterseim (1980), 68 Ohio App.2d 211, to hold "[a]lthough the rule does not explicitly state the requirement for a hearing, we concur with the dicta of a sister appellate court that a full hearing on the motion, where a defendant is granted the opportunity to present any and all argument in support thereof, is implied." Because appellant argued Attorney Carter violated a disciplinary rule and his representation was less than forthright, we find a hearing was in order. As in Teofilo, the matter needs to be developed and addressed by both sides at a hearing. The issue as to how appellant came to be represented by Attorney Carter needs to be addressed as well as whether Crim.R. 11 was specifically followed. The trial court's decision does not give any guidance on these issues. Based upon the record, we reverse the trial court's decision and remand the case for a hearing to consider appellant's motion to withdraw his plea vis vis the standard "to correct manifest injustice." The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and remanded.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.