ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Michael Armstrong appeals from decisions of the common pleas court denying his pre-sentence motion to withdraw his guilty plea to the crime of aggravated assault and imposing a fifteen-month sentence asserting that the court abused its discretion. After consideration of these assertions and a careful review of the transcript, we have concluded the trial court did not abuse its discretion in denying the motion to withdraw the plea, or by imposing a fifteen-month term of imprisonment in this case. Therefore, the judgment is affirmed.
The scant record presented to us on this appeal reveals that during an argument with Candy Green and after she sprayed Armstrong with pepper spray, he threw a frozen chicken at her which struck her in the head, necessitating ten staples to close the wound. The grand jury returned two indictments against him, one for felonious assault, a second degree felony, in violation of R.C. 2903.11 and the other for domestic violence, a misdemeanor, in violation of R.C. 2919.25.
At his arraignment, the court appointed counsel, Carolyn Ranke, to represent Armstrong; however at his pretrial on July 7, 1999, Armstrong appeared with retained counsel, Michael Wolpert. At that time, Armstrong pled guilty to an amended indictment, aggravated assault, a fourth degree felony, and the state nolled the domestic violence charge. At that time, the court inquired, and Armstrong admitted that he felt satisfactorily represented by his attorney and did not feel induced to enter a guilty plea.
Prior to sentencing, however, Armstrong retained new defense counsel, Steven Shafron, who filed a motion to withdraw the plea, claiming that Armstrong believed he would have been punished for going to trial and asserting a claim of ineffective assistance of counsel. On August 5, 1999, before the court imposed sentence, it considered and denied the motion to withdraw the plea.
The court then sentenced Armstrong to fifteen-months for the aggravated assault from which he now appeals and raises two assignments of error for our review.
 I. THE COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA.
Armstrong urges the court abused its discretion in denying him the opportunity to present evidence at the hearing to support his motion to withdraw his plea when it denied the motion. The state argues the court conducted a hearing and properly denied Armstrong's motion to withdraw his plea. The issue here then concerns whether the court abused its discretion in denying Armstrong's pre-sentence motion to withdraw his plea.
Crim.R. 32.1 reads:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The syllabus in State v. Xie (1992), 62 Ohio St.3d 521, states:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
Further, in State v. Peterseim (1980), 68 Ohio App.2d 211, the court stated:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Considering the first element in Peterseim, representation by highly competent counsel, we know from the record that Armstrong's originally appointed counsel, Carolyn Ranke, requested and received full discovery. Further, we recognize that retained counsel, Michael Wolpert, had also filed for discovery in writing but had not received written answers to his discovery requests from the prosecutor. However, at the pretrial, he had orally obtained full discovery on the facts on the indictment prior to recommending that Armstrong enter a plea. He further represented to Armstrong that he would probably receive probation.
Next, an examination of the transcript of the plea reveals that Armstrong appeared with retained counsel who negotiated a plea agreement on his behalf. Further, the transcript reveals that the court complied with Crim.R. 11, and nothing in the record suggests that Armstrong did not enter a knowing, intelligent and voluntary plea.
At the sentencing hearing, the court gave fair consideration to Armstrong's motion to withdraw his plea and afforded him an opportunity to present arguments to support his claim that he had been induced to enter a guilty plea, and to offer defenses to his conduct that he did not intend to harm Candy Green. After considering the record, we have concluded the court did not abuse its discretion in denying Armstrong's pre-sentence motion to withdraw his plea. Accordingly, this assignment of error is not well taken.
 II. THE COURT ERRED IN IMPOSING A SENTENCE OF FIFTEEN MONTHS IMPRISONMENT.
My views regarding this assignment of error differ from the majority as expressed in the concurring and dissenting opinion.
Armstrong urges the court erred in imposing a fifteen-month sentence because he had never served a term of imprisonment. The state maintains the court properly specified its reasons for imposing a fifteen-month sentence and urges this assignment is not well taken. The issue here then concerns whether the court erred in sentencing Armstrong.
R.C. 2929.14 provides:
 (B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In this case, the record reveals the court's statements at sentencing:
 Now, further this Court finds that the defendant, at least up until this point, showed no remorse for the offense, explaining that he didn't do anything, didn't do anything wrong, and based on his explanation to the Court, that he was trying to protect himself when these things flew out of his hands, and further this Court finds that his relationship to the victim facilitated the offense, apparently at least they had dated in the past.
 Now, the victim did suffer the lacerations to her head and she claims that she continues to suffer from headaches and stress as a result of this.
 Having balanced the possibility of recidivism with the security of the public, especially of the victim in this case, and based on those items placed on the record, this Court finds the defendant, Michael L. Armstrong, is not amenable to community control sanctions. Further, this Court finds that a minimum sentence would demean the seriousness of the offense.
Based on the record, the court considered the laceration suffered by Candy Green, and attempted to balance the possibility of recidivism with public safety. The court further found that a minimum sentence would demean the seriousness of the offense. This finding in my view is not supported by the record in this case. At the sentencing, defense counsel stated that Armstrong had a single twenty-year-old felony conviction, and a drug abuse charge with a record of clean drug tests and no substance abuse problems. Thus, considering Armstrong's minimal criminal record and the disputed facts as to why Candy Green had used pepper spray on him, the court, in accordance with R.C. 2929.14(B), should have imposed the shortest prison term or considered community control sanctions as punishment. Nothing in the record suggests such a minimal sentence would demean the seriousness of throwing a frozen chicken at someone who had used pepper spray on the actor. The trial court, I believe, abused its discretion by imposing a fifteen-month sentence in this case. Accordingly, I would find this assignment of error is well taken.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO. J., CONCURS IN PART AND DISSENTS IN PART (SEE CONCURRING AND DISSENTING OPINION, KENNETH A. ROCCO, J., ATTACHED)
TIMOTHY E. McMONAGLE, J., CONCURS WITH ASSIGNMENT OF ERROR I, AND CONCURS WITH JUDGE KENNETH A. ROCCO'S CONCURRING AND DISSENTING OPINION.
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE