OPINION
Defendant-appellant Ceil C. Scott appeals her convictions and sentences entered by the Stark County Court of Common Pleas on one count of possession of cocaine, in violation of R.C. 2925.11(A), and one count of trafficking in cocaine, in violation of R.C.2925.03, as well as the trial court's October 18, 1999 Judgment Entry denying appellant's motion to withdraw guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 19, 1999, the Stark County Grand Jury indicted appellant on the aforementioned charges. At her arraignment on April 23, 1999, appellant entered a plea of not guilty to the indictment. Appellant subsequently entered guilty pleas to both counts. The trial court memorialized appellant's guilty pleas in a Judgment Entry filed May 17, 1999. Appellant was released from the Stark County Jail on her own recognizance. The trial court deferred sentencing pending a pre-sentence investigation. At the sentencing hearing on June 14, 1999, appellant made an oral motion to withdraw her guilty pleas. Appellant advised the trial court she had prepared a written motion to withdraw her plea, however, she acknowledged such had not yet been filed. The trial court overruled appellant's motion and sentenced her to community control sanctions for a period of two years. Subsequently, on July 14, 1999, appellant filed a Notice of Appeal from the convictions and sentences. Thereafter, on October 13, 1999, appellant filed a Written Motion to Withdraw Guilty Plea, which the trial court denied for lack of jurisdiction via Judgment Entry filed October 18, 1999. Appellant filed a timely notice of appeal relative to this judgment entry. These cases have been consolidated for our review. Appellant raises the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HER GUILTY PLEA.
 II. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT A FULL AND FAIR HEARING ON HER MOTION TO WITHDRAW HER GUILTY PLEA.
 II
In her second assignment of error, appellant maintains the trial court erred in failing to grant her a hearing on her motion to withdraw her guilty pleas. Crim.R. 32.1 provides: A motion to withdraw a plea of guilty or no-contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
Motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality. State v. Peterseim (1980), 68 Ohio App.2d 211. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, syllabus 1. The decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id., syllabus 2. To find an abuse of discretion, we must find the trial court's ruling was unreasonable, arbitrary, or unconscionable and more than an error of judgment. State v. Adams (1980) 62 Ohio St.2d 151. In State v. Graham (Nov. 18, 1999), Cuyahoga App. No. 75219, unreported, the Eighth District Court of Appeals noted: A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R 11 before he entered the plea, (3) when after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
In the instant action, appellant made an oral motion to withdraw her guilty pleas at the commencement of the sentencing hearing on June 14, 1999. Appellant addressed the trial court as follows:
THE COURT: Ms. Scott.
 [APPELLANT]: Yes, Your Honor. When April Bible [appellant's trial counsel] talked to me on that date she knew my circumstances in jail. I wanted to represent myself and I wasn't on my medication which I take for seizures. And also I am bipolar. I wasn't on my medication. And she knew that that day in this courtroom.
 I told her all I wanted was house arrest. I have a house cleaning business. She said that was the only way she could get me out. And I did that that day. She tell me not to say nothing. I wanted to tell you about my circumstances and everything. She told me don't speak to the judge. I didn't.
 I feel I wasn't effectively represented by her. And I appreciate everything she did, but see, I learned a long time ago the ultimate measure of a man is where he stands in some type of challenge or controversy.
 I have a motion, and I had asked her because due to the fact my tibia fracture in my cleaning, it's bothering me. But today, I have a motion to withdraw my guilty plea. I asked her about that.
 I have kites from the county jail that denied me access to law books. I asked the jail because they got law books. I have all the kites. They denied me appropriate medical treatment. They denied me law books. They denied me everything. I am in administrative degradation. I was in a cell where there wasn't no bath or nothing.
 I went to see her. I asked her and repeatedly she said you can get out if you plead guilty. I pled guilty. And I have a motion here I wrote.
THE COURT: Is there any motion filed?
[APPELLANT]: I have it right here.
THE COURT: Wait a minute. Just give to it Ms. Bible.
MS. BIBLE: (Handing.)
THE COURT: There is nothing filed.
[APPELLANT]: No, I am trying to retain an attorney.
THE COURT: All right. I just asked you a question.
Ms. Scott, stop talking. You have asked for it. Your oral motion to withdraw your guilty plea is denied. The Court is prepared for sentencing at this time. Anything you wish to say on behalf of your client, Ms. Bible?
T. of Sentencing of 3-6.
Almost immediately thereafter, the following exchange occurred:
 [APPELLANT]: Sir, I am not guilty of possession and trafficking of cocaine . . . And I want to know why am I being sentenced and denied a trial by a jury.
* * *
 THE COURT: Now, Ms. Scott, let me explain two things to you. If you think you have not been properly represented, then it's your responsibility to go out and retain the services of an attorney and let the attorney file the appropriate papers and the Court will make a decision based on that which is in front of it.
There is nothing there [sic] has been filed before the Court. The Court can't act on something that isn't before it.
[APPELLANT]: I have a motion right here.
THE COURT: But it's not filed * * *
T. of Sentencing at 7-8.
This Court has previously found the request for a hearing on a motion to withdraw a guilty plea after sentencing is similar to a request for a hearing on a petition for post-conviction relief. State v. Collins (May 24, 1999), Delaware App. No. 98-CAC-02011, unreported. "A hearing on a post-sentence motion to vacate a guilty plea is not required unless the facts as alleged by the defendant, if accepted as true, would require the guilty plea to be withdrawn." Id. (Citations omitted). Appellant herein made her oral motion prior to sentencing; therefore, she is not required to meet this heightened standard. The trial court overruled appellant's motion because it was neither written nor filed. We find such requirements are not mandated by Crim R. 32.1. Furthermore, we find the representations made by appellant to the trial court were sufficient to warrant a hearing. Because a motion to withdraw a presentence guilty plea should be freely granted, we find the trial court erred in summarily overruling it. We believe the trial court's permitting appellant to speak before it sentenced her was not the equivalent of granting appellant a hearing on her motion. Appellant's second assignment is sustained.
 I
In light of our disposition of appellant's second assignment of error, appellant's first assignment of error is overruled as premature. The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with law and this opinion. By: Hoffman, P.J. and Edwards, J. concur. Farmer, J. dissents.
 _____________________ Hoffman, P.J.