THE STATE OF OHIO, APPELLEE, *v.* PETERSEIM, APPELLANT.

(No. 40579—Decided May 30, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. Michael F. Boller* and *Mr. John R. Vintilla,* for appellant.

CORRIGAN, J. On February 28, 1978, defendant-appellant, William T. Peterseim, was indicted for one count of aggravated murder (R. C. 2903.01), three counts of attempted murder (R. C. 2903.02 and 2923.02), one count of obstruction of justice (R. C. 2921.32) and one count of tampering with evidence (R. C. 2921.12). On July 31, 1978, appellant entered a negotiated plea of guilty to one count of voluntary man-

slaughter (R. C. 2903.03), three counts of felonious assault (R. C. 2903.11) and one count of tampering with evidence (R. C. 2921.12). Before accepting the guilty plea, the trial court extensively questioned appellant, his attorneys and the prosecutor, and, in so doing, ascertained that appellant entered his plea voluntarily, that he understood the nature of the charges against him and the nature of the crimes to which he was pleading guilty, and that he was aware that he was waiving his constitutional and statutory rights.

On September 14, 1978, six weeks after the court accepted his guilty plea, appellant retained new counsel and filed a motion to withdraw the plea. Appellant admitted that the plea was "freely and voluntarily made, with no coercion, threats or promises", but asserted that he pled guilty only because he respected the advice of his attorneys and not because he personally felt guilty. While appellant admitted that his attorneys' advice was sound, he nevertheless contended that "his abiding certainty of innocence demands that he stand trial".

On September 26 and 27 of 1978, the trial court conducted a lengthy hearing on the motion to withdraw. At the conclusion of the hearing the court overruled appellant's motion, found him guilty and sentenced him to seven to twenty-five years imprisonment for voluntary manslaughter, three concurrent terms of two to fifteen years imprisonment for the felonious assaults and two to ten years imprisonment for tampering with evidence. The court directed that the terms for voluntary manslaughter, tampering with evidence, and the felonious assaults were to run consecutively. On appeal appellant assigns two errors for this court's review:

"I. The court abused its discretion in refusing defendant the opportunity to withdraw his guilty pleas prior to sentencing.

"II. The court abused its discretion in the sentence imposed on defendant."

I.

In his first assignment of error appellant contends that the trial court abused its discretion in denying his pre-sentence motion to vacate. Neither party has cited, and this court has not found, any Ohio case discussing the standard for evaluating *pre*-sentence guilty plea withdrawal under Crim. R. 32.1.

However, the language of that rule is nearly identical[1] to that of Fed. R. Crim. P. 32(d), and we, consequently, can refer to the federal cases for direction in this case.

The rule states that post-sentence plea withdrawal will be permitted only "to correct manifest injustice", but makes no such limitation on pre-sentence plea withdrawal. Consequently, it can be seen that the standards for permitting pre-sentence plea withdrawal are different than those for permitting withdrawal after sentencing has occurred.[2] In *Kadwell* v. *United States* (C.A. 9, 1963), 315 F. 2d 667, the court distinguished between pre-sentence and post-sentence plea withdrawal, holding that the rule required free allowance of leave to withdraw in the pre-sentence situation. The court based this holding on practical considerations:

"* * *Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.* * *" (Emphasis *sic* and footnote omitted.) *Id.*, at 670. Accord, *Barker* v. *United States* (C.A. 10, 1978), 579 F. 2d 1219, 1223; *United States* v. *Roberts* (C.A.D.C., 1977), 570 F. 2d 999, 1008; *United States* v. *Read* (C.A. 9, 1976), 534 F. 2d 858, 859.

Nevertheless, despite the more lenient standard applicable to pre-sentence motions, an appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion. Thus, in *Barker* v. *United States, supra,* the court stated:

"Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality,* * *still the decision thereon is within the sound discretion of the trial court.* * *Thus, unless it is

---

[1] The only difference between the federal and state rules is that the federal rule uses the Latin phrase *"nolo contendere"* where the Ohio rule uses the language "no contest".

[2] In *State* v. *Smith* (1977), 49 Ohio St. 2d 261, 264, the court held that post-sentence plea withdrawal will be permitted only to correct manifest injustice, but was silent regarding pre-sentence withdrawal standards.

shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.* * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.* * *'' (Citations omitted.) *Id.,* at 1223. Accord, *United States* v. *Barker* (C.A.D.C., 1975), 514 F. 2d 208, 220, certiorari denied (1975), 421 U. S. 1013; *United States* v. *Arredondo* (C.A. 5, 1971), 447 F. 2d 976, 977, certiorari denied (1972), 404 U. S. 1026.

In the present case, the trial court, both in its acceptance of appellant's guilty plea and in its subsequent consideration of appellant's motion to withdraw that plea, displayed patience and concern, and its carefully considered decision not to allow withdrawal must therefore be affirmed.

The record reveals that, before accepting appellant's guilty plea, the court went to unusual lengths to make certain that appellant fully understood the nature and consequences of the plea. Moreover, there is no question that the attorneys who negotiated the plea for appellant (and whose advice prompted appellant to accept the plea) were exceptionally qualified and diligent.[3] Finally, the trial court afforded appellant a full hearing on the motion to withdraw, permitting him to present any and all arguments in support of the motion. In light of these circumstances, we are unable to say that the court abused its discretion in not permitting plea withdrawal, and the first assignment of error is therefore overruled.

## II.

Under his second assignment of error, appellant contends that the court abused its discretion in its imposition of sentence. However, the punishment imposed by the trial court was less than the maximum possible imprisonment term and was, therefore, within both statutory and constitutional limitations. See *State* v. *Chaffin* (1972), 30 Ohio St. 2d 13, 16-17; *State, ex rel. Stratton,* v. *Maxwell* (1963), 175 Ohio St. 65,

---

[3] This conclusion is supported not only by this court's recognition of the consistently exemplary quality of work produced by these attorneys, but also by appellant's admission that counsel were competent and thorough, by the prosecutor's acknowledgment that counsel are two of the finest attorneys in the city and that before they negotiated the plea arrangement they had obtained all evidence which the state planned to present at trial, and by the trial judge's observation that counsel gave appellant "the finest legal service" that he had seen in many years.

66-67. In view of the facts and circumstances surrounding this crime[4] and the fact that the trial court unquestionably considered them before imposing sentence, we find no abuse of discretion in the sentencing. Consequently, the second assignment of error is overruled and the judgment below affirmed.

*Judgment affirmed.*

JACKSON, P. J., and KRUPANSKY, J., concur.

---

[4] Before sentencing, the court permitted appellant to make a lengthy statement presenting his version of the facts of this case and his beliefs that those facts mitigated the seriousness of the crimes.