JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Michael Lawrence Quinn, was indicted for felonious assault and attempted murder. Quinn subsequently entered a guilty plea to the felonious-assault charge. In exchange for Quinn's plea, the state agreed to dismiss the pending charge of attempted murder and to accept a sentence of five years' incarceration. On the day sentence was to be imposed, Quinn made a motion to withdraw his plea of guilty. Quinn claims as error on appeal that the trial court abused its discretion when it denied the motion.
Quinn did not have an absolute right to withdraw his plea of guilty prior to sentencing. See State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715;State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863. Thus, absent an abuse of discretion, the trial court's decision to deny Quinn's motion to withdraw his plea will not be reversed by this court. See Xie, supra.
Counsel represented Quinn at both the plea hearing and the sentencing hearing, where Quinn presented orally the motion to withdraw his guilty plea. The court listened while Quinn explained the reason he wanted to withdraw his plea. Although Quinn asserted that he failed to understand that he had other options, aside from entering a guilty plea, the record does not support this assertion.
As the trial court correctly noted, all of Quinn's rights were explained to him prior to the court's acceptance of Quinn's guilty plea, including the right to plead not guilty and to have his case tried to a jury. Quinn failed to demonstrate to the trial court a sufficient basis for his motion. Therefore, we hold that the trial court did not abuse its discretion in overruling Quinn's motion.
Quinn's assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.