JOURNAL ENTRY AND OPINION
Defendant-appellant Robert Guillem appeals from the trial courtrs denial of his post-sentence motion to withdraw his plea of guilty to the charge of attempted felonious assault.
In his two assignments of error, appellant argues the App.R. 9 (A) record fails to support the trial court's action but, rather, reflects "manifest injustice" occurred since Ohio law does not recognize the offense to which he entered his plea. Appellant's arguments are unpersuasive.
Appellant originally was indicted in January 1995 on one count of "felonious assault R.C. 2903.11." The body of the indictment states appellant:
 * * * did knowingly cause serious physical harm to Jeffrey Pettit and/or did knowingly cause or attempt to cause physical harm to Jeffrey Pettit by means of a deadly weapon or dangerous ordnance, to-wit: num-chucks, as defined in Section 2923.11 of the Revised Code.
The indictment also contained a violence specification that indicated appellant had made an "actual threat of physical harm" to the victim with a deadly weapon.
Subsequently, appellant entered into a plea agreement whereby in exchange for a plea of guilty, the state would amend the indictment to include R.C. 2923.02, attempt. Thus, as the journal entry states, appellant entered a plea of guilty to "attempt (sic) felonious assault, R.C. 2923.02/2903.11, an aggravated third degree felony, as amended in the indictment." The trial court ultimately sentenced appellant in December 1995 to a term of incarceration of four to ten years.
Three years later, appellant filed his motion to withdraw his plea. The trial court denied appellant's motion without a hearing.
Appellant filed a timely appeal of the trial court's order. In his two assignments of error, which he argues together, appellant essentially asserts the trial court's denial of his motion was improper since he was convicted of an offense that does not exist. Appellant's assertion is incorrect.
A motion to withdraw a guilty plea after the imposition of sentence may be granted only to correct manifest injustice. Crim.R. 32.1; State v. Xie (1992), 62 Ohio St.3d 521; State v.Peterseim (1980), 68 Ohio App.2d 211. Manifest injustice does not exist in this case.
Appellant entered a plea of guilty to a general charge of violation of R.C. 2903.11 amended to include the "attempt" statute. Although neither the original indictment nor the amended indictment specifically charged appellant with violation of only R.C. 2903.11 (A) (1), the deletion of the violence specification from the original indictment, which indicated appellant had used a "deadly weapon" in the commission of the crime, had the effect of doing so. Thus, appellant entered a plea of guilty simply to an "attempt" to cause serious physical harm to another.
Clearly, an "attempt" to cause serious physical harm to another is a crime in Ohio. See, e.g., State Mramor (Oct. 2, 1986), Cuyahoga App. No. 50976, unreported: "* * * [R]ather than being a separate and distinct offense, [it] is incorporated into the offense * * * as defined in R.C. [2903.11 (A) (2)]."
In coming to this conclusion, this court does not adhere to the reasoning set forth by the court in State v. Phillips (May 8, 1998), Lucas App. No. L-97-1217, unreported, upon which appellant relies to support his assertions. Phillips is not persuasive for two reasons.
First, Phillips is distinguishable on its facts since the defendant therein specifically was charged with violation of R.C.2903.11 (A) (2) prior to the addition of the "attempt" statute to the indictment. Second, the court in Phillips relied upon Statev. Still (Dec. 9. 1994), Lake App. No. 93-L-195, unreported, to support its decision. A review of Still reveals that in reversing a defendant's conviction for attempted robbery, the Eleventh District Court of Appeals misconstrued this court's decision inState v. Mramor, supra; therefore, Still is of dubious precedential value.
Furthermore, as noted by this court in Mramor, appellant actually received a benefit by pleading guilty to this offense, since the degree of the crime was reduced with the addition of the attempt statute from an aggravated felony of the second degree to an aggravated felony of the third degree. R.C. 2903.11
(B); R.C. 2923.02 (E).
Since the trial court found appellant guilty of a cognizable crime and appellant was not prejudiced by this outcome, manifest injustice does not exist in this case. State v. Mramor, supra.
Therefore, the trial court did not err in denying appellant's motion to withdraw his guilty plea.
Appellant's assignments of error, accordingly, are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and JOHN T. PATTON, J.CONCUR.
 ______________________________ JUDGE KENNETH A. ROCCO