JOURNAL ENTRY AND OPINION
Defendant-appellant Albert Roark appeals from the trial court's denial of his motion to withdraw his guilty plea to felonious assault (R.C. 2903.11) prior to sentencing without a hearing. Defendant contends the trial court abused its discretion in failing to hold a hearing on the motion. We agree and vacate the sentence and remand for a hearing on withdrawal of defendant's guilty plea.
On November 12, 1998, defendant was indicted by the Cuyahoga County Grand Jury on three counts of felonious assault in violation of R.C. 2903.11. Defendant was subsequently assigned counsel from the Cuyahoga County Public Defender's Office. After several pretrials and conversations about his case, a plea agreement was reached where defendant would plead guilty to one count of felonious assault and the other two counts would be dismissed. Defendant asserts that this agreement was based on the prosecutor's promise that in exchange for the plea of guilty, he would agree to a period of probation rather than imprisonment. On July 21, 1999, after being thoroughly advised of the constitutional rights he was waiving pursuant to Crim.R. 11(C), defendant pled guilty to one count of felonious assault. Defendant's sentencing hearing was scheduled for August 17, 1999.
Prior to sentencing, defendant discussed his case with new counsel and decided to withdraw his previously entered guilty plea and proceed to trial. On August 10, 1999, defendant filed his motion to vacate previously entered plea asserting that it was agreed that all pleas of guilty were entered on the basis that the charge pled to was probationable and that Defendant Albert K. Roark had a good chance for probation. Defendant further asserted in the motion that because a similar promise had been broken in a Lorain County case in which he was then incarcerated, he believed that he would be better served if his former guilty plea were vacated and he had the opportunity to prove his innocence at a trial. The trial court denied this motion on August 12, 1999, without a hearing.
At defendant's sentencing hearing on August 17, 1999, the trial court informed defense counsel that the motion to vacate had been denied and that the court would not hear any matters regarding withdrawing the guilty plea. Defense counsel then expressed to the court that when defendant entered his plea of guilty, he had a conversation with the previous prosecutor who informed defendant that if he pled to one count, it would be recommended to the court that he be given probation. The court responded that it would not fill the record with hearsay and that the transcript of defendant's plea clearly reflected that all Crim.R. 11 requirements had been satisfied. Following mitigatory statements, the trial court sentenced defendant to a term of seven years (one less than the maximum) and a $10,000 fine.
This appeal follows.
Defendant's sole assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION TO VACATE HIS PLEA, IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.
Crim.R. 32.1 provides, in pertinent part, as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The general rule is that a presentence motion to withdraw a guilty plea should be freely and liberally granted. State v. Xie
(1992), 62 Ohio St.3d 521, 527. However, it is well established that [a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at paragraph one of the syllabus. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court decision must be affirmed. Id. at 527. An abuse of discretion is more than an error of law or judgment, [w]e must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.' Id. at 527, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
This Court in State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus, held that:
 A trial court does not abuse its discretion in overruling a motion to withdraw the plea: (1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
In the instant case, defendant filed his motion to vacate his guilty plea prior to sentencing. Under Xie, supra, such motions should be freely and liberally granted and a hearing is ordinarily required to determine whether a reasonable and legitimate basis exists on which the plea may be withdrawn.
 While the Xie court failed to specifically set forth what type of hearing is required, it is axiomatic that such hearing must comport with the minimum standards of due process, i.e., meaningful notice and opportunity to be heard. See Fuentes v. Shevin (1972), 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556. However, Xie does not require that a full evidentiary hearing be held in all cases. In State v. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464, unreported, the Eighth District Court of Appeals held that the scope of a hearing on an appellant's motion to withdraw his guilty plea should reflect the substantive merits of the motion. Id. at 6. The Smith court stated that:
 [B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantial allegations would merit. * * *. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources. Id. See State v. Graham
(Dec. 23, 1996), Meigs App. No. 95 CA 22, unreported.
State v. Mercer (Jan. 14, 2000), Lucas App. Nos. L-98-1317, L-98-1318, unreported. This Court further noted that [t]he scope of the hearing is within the sound discretion of the trial judge, subject to our review for an abuse of that discretion. Smith,supra, quoting State v. Hall (Apr. 27, 1989), Cuyahoga App. No. 55289, unreported.
Defendant asserts that he pled guilty after an agreement for probation was reached with the original prosecutor. The State, on the other hand, asserts that no such agreement was ever made by any prosecutor. However, the trial court refused to hear any arguments or testimony from defense counsel, the original prosecutor or the defendant regarding the alleged agreement or the motion and denied it without a hearing.
We find that under Xie, supra, the trial court abused its discretion in denying defendant's pre-sentence motion to vacate his guilty plea without a hearing. The record presents conflicting claims from the parties regarding the basis upon which defendant entered his plea. Thus, defendant was at least entitled to a determination as to whether there was a reasonable and legitimate basis for withdrawing his plea. It is clear from the record that defendant failed to receive a complete and impartial hearing on the motion or full and fair consideration to the plea withdrawal request. Under these circumstances, by denying his motion without a hearing, the trial court failed to give defendant an opportunity to be heard and failed to satisfy even the minimum standards of due process. Even though the claims in defendant's motion may not have warranted a full evidentiary hearing, he was entitled to more than he received. Accordingly, the trial court's denial of defendant's motion to vacate without a hearing was unreasonable and arbitrary and constituted an abuse of its discretion.
Defendant's sole assignment of error is sustained.
The sentence is vacated and the case is remanded for a hearing on his motion to withdraw the guilty plea.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________ JAMES M. PORTER, JUDGE