[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant Shawn Taylor entered guilty pleas to four of seven counts of corruption of a minor, in violation of R.C.2907.04. The remaining three counts were dismissed. Before he was sentenced, Taylor filed a motion to withdraw his plea, as well as a motion to withdraw counsel. After denying Taylor's motion to withdraw his plea, the trial court sentenced him to twelve months' incarceration on three of the counts, and ordered that one of those twelve-month sentences run consecutively to an eighteen-month sentence on a fourth count. Taylor's appeal assigns as error (1) the trial court's denial of his motion to withdraw his guilty plea, and (2) his sentence.
Taylor did not have an absolute right to withdraw his guilty plea prior to sentencing. See State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715. Thus, absent an abuse of discretion, the trial court's decision to deny Taylor's motion to withdraw his plea will not be reversed by this court. See id. "It is not the role of an appellate court to conduct a de novo review of a trial court's decision in these circumstances." Id.
Taylor complained that he would have "been a lot better off with a paid lawyer[.] * * * I didn't get no kind of deal." However, Taylor's attorney worked out a plea bargain with the state whereby the state dismissed three of the seven charges against Taylor. We are unable to conclude from the record that Taylor would not have pleaded guilty, even with a new attorney. This is especially relevant in light of Taylor's confession to police about the offenses. See, e.g., State v. Whiting (Jan. 11, 1995), Hamilton App. No. C-940149, unreported. Furthermore, the record demonstrates that (1) the trial court fully explained the nature and consequences of his guilty plea (as Taylor admits in his brief to this court); (2) Taylor was represented by highly competent counsel at the plea hearing; (3) the court permitted Taylor to argue his motion to withdraw; and (4) the court fully considered Taylor's motion. See State v. Peterseim (1980),68 Ohio App.2d 211, 214, 428 N.E.2d 863, 865; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported. We cannot say that the court abused its discretion in denying Taylor's motion to withdraw his plea. Taylor's first assignment of error is overruled.
In his second assignment of error, Taylor argues that his sentence was contrary to law. While our local trial courts typically complete "felony sentencing findings" worksheets to aid in their sentencing, and in our review, no such form was in the record of this case. While the record supports the trial court's imposition of more than the minimum terms of incarceration on three of the counts, and the maximum term on a fourth count, the record reflects that the trial court failed to make the findings required under R.C. 2929.14(E)(4) to order two of the terms to run consecutively. Furthermore, the trial court failed to give its reasons for selecting the consecutive sentences, as required by R.C. 2929.19(B)(2). While the sentence may be appropriate, we must sustain Taylor's second assignment of error and remand the matter to the trial court so that it may comply with the statutory requirements.
Therefore, we affirm the judgment of the trial court with respect to the findings of guilt entered upon the guilty pleas, and remand the case for resentencing in accordance with law. SeeState v. Johnson (Feb. 4, 2000), Hamilton App. No. C-990082, unreported.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and WINKLER, JJ.