Although I concur with the majority opinion's disposition of appellant's first assignment of error, I respectfully dissent from its resolution of his second since a review of the record on appeal demonstrates it has merit.
Appellant argues the trial court's action in failing to conduct a hearing prior to entering a ruling on his motion to vacate his guilty plea constituted an abuse of its discretion. Although the majority opinion seeks to excuse the trial court's conduct in this case, I believe appellant's argument is persuasive.
In State v. Peterseim (1980), 68 Ohio App.2d 211, this court stated at headnote 1 that a motion to withdraw a guilty plea made before sentence is imposed should be freely allowed. Although appellate review of the trial court's decision on such a motion is limited to a determination of whether the trial court abused its discretion, a reviewing court may weigh several factors in making that determination. Those factors include ascertaining if the trial court gave the defendant a complete and impartial hearing on the motion and full and fair consideration of his or her request. Id., headnotes 2 and 3.
The Ohio Supreme Court has cited Peterseim with approval in State v. Xie (1992), 61 Ohio St.3d 521. In pertinent part, the supreme court stated as follows:
 We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing.
 Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that thetrial court's ruling was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.
(Emphasis added.)
Thus, a hearing on a presentence motion filed pursuant to Crim.R. 32.1 is necessary in order to determine whether the trial court properly exercised the discretion it is granted.
In this case, despite the majority opinion's gloss that the trial court allowed appellant an opportunity to be heard, the trial court conducted no hearing on appellant's motion as required by Xie. The majority opinion neglects to mention the record reflects the trial court simply issued its decision overruling appellant's motion the same day appellant filed it. The trial court issued this judgment entry without benefit of any evidentiary material, testimonial or otherwise.
Moreover, at the subsequent sentencing hearing, despite appellant's preparedness with respect to the motion, and contrary to the interpretation the majority opinion now places upon it, the trial court did not proceed to a minimal hearing on appellant's motion to withdraw his plea. As its comments indicate, the trial court instead refused to entertain it. Indeed, the trial court's comments at the commencement of the sentencing hearing indicate its decision already had been made, nothing appellant was prepared to present would alter that decision, and the subject for consideration at the hearing was only that of appellant's sentence.
Thus, appellant was afforded neither a complete and impartial hearing nor full and fair consideration of his motion. Two of the factors set forth in Peterseim, supra, therefore, were not met.
Under the circumstances of this case, the trial court's precipitous decision was unwarranted. Id., syllabus 1; State v. Marcial (June 28, 2000), Lorain App. No. 99CA007353, unreported; cf., State v. Wynn (1998), 131 Ohio App.3d 725; State v. Miller (June 15, 2000), Cuyahoga App. No. 76310, unreported; State v. Beamon (Mar. 25, 1999), Cuyahoga App. No. 73813, unreported.
It is not this court's prerogative to presume appellant's motion lacked a reasonable and legitimate basis. Xie, supra.
The trial court's issuance of a decision without benefit of a hearing, together with its adamant refusal to reconsider its decision, render its denial of appellant's presentence motion to withdraw his plea unreasonable and arbitrary.
The majority opinion appropriately affirms the trial court's order denying appellant's motion to suppress evidence; however, since a review of the record demonstrates the trial court's denial of appellant's motion to withdraw his guilty plea was an abuse of discretion, that order should be vacated.
I, therefore, would sustain appellant's second assignment of error and remand this case for further proceedings.