JOURNAL ENTRY AND OPINION
Appellant, J.M., appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, in which he was adjudged a delinquent.
On January 23, 2001, a complaint was filed against J.M. alleging him to be a delinquent child for commission of the following crimes: attempted murder, in violation of R.C. 2903.02 and 2923.02; felonious assault, in violation of R.C. 2903.11(A)(2); kidnapping, in violation of R.C.2905.01(A)(1); aggravated burglary, in violation of R.C. 2911.11(A)(2); aggravated robbery, in violation of R.C. 2911.01(A)(1). Each of the counts of the complaint contained firearm specifications, as set forth in R.C. 2941.145, which carry a mandatory three years of incarceration.
On February 22, 2001, the state filed a motion for an order to relinquish jurisdiction of the juvenile court to bind J.M. over to adult court, pursuant to R.C. 2151.26(C), and for preliminary hearing, pursuant to Juv.R. 30(A). After extensive negotiations, a plea agreement was reached between J.M. and the state. J.M. agreed to plead to one count of felonious assault with a mandatory three-year gun specification. In return, the state agreed to nolle the remaining counts and withdraw the motion for Transfer of Jurisdiction.
Thereafter, on March 21, 2001, the previously negotiated plea agreement was formally entered on the record. J.M. entered an admission to the charge of felonious assault with a firearm specification, and the juvenile court dismissed the remaining charges as agreed. After accepting the plea, the juvenile court sentenced J.M. to the mandatory minimum of three years incarceration. It is from this judgment that J.M. now appeals.
The appellant asserts two assignments of error for this court's review. His first assignment of error states:
 I. THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S ADMISSION WITHOUT PROPERLY INFORMING HIM OF THE POTENTIAL PENALTIES.
In his first assignment of error, appellant contends that the juvenile court erred in accepting his admission without determining whether he understood the consequences of the admission.
Juv.R. 29(D) governs the procedure upon entry of an admission and provides in part:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
* * *
A review of the transcript from the plea and sentence hearing of March 21, 2001, wherein the appellant admitted to felonious assault with a firearm specification, reveals that the juvenile court did in fact explain to the appellant that he could be committed to the Department of Youth Services. Specifically, the following occurred at the hearing:
 Mr. Zimmerman: Yes. Your Honor, at this point there may be a resolution in these cases. Let me place it on the record so that everybody is clear of what it would be. Both the alleged delinquents, [H.M.] and [J.M.], would enter an admission to felonious assault, a felony of the second degree, with a three-year gun specification. (Emphasis added.) All remaining charges would be dismissed. Part of the agreement is it's the state's understanding that the court would impose a three-year confinement to ODYS, and if that plea —
 The Court: A three-year gun spec. (Emphasis added), and then anything on the underlying charge or —
 Mr. Zimmerman: They would be concurrent. However the court would draft it, the agreement would —
 The Court: But it would be three years. (Emphasis added.)
 Mr. Zimmerman: — it would be three years. (Emphasis added.) In exchange for that it that (sic) plea would be forthcoming — as part of the admission — would be forthcoming as the count of felonious assault with a three-year gun specification, the state would move to dismiss the remaining charges on the cases pending * * *.
The above exchange occurred in the presence of J.M. and his counsel. Further, this was an agreed plea and sentence. In addition, the following exchange is worth noting as to the plea arrangement:
 The Court: * * * — did somebody force you to accept this arrangement —
Master [J.M.]: No, sir.
The Court: — this plea.
 Master [J.M.]: No one has forced me, no one told me to take this plea, no one. No one threatened me on this one.
* * *
 The Court: * * * Let me ask you one final question then. Given all of that, is that in fact what you want to do today, to admit to the charge of felonious assault with the gun specification?
 Master [J.M.]: Your Honor, sir, I'll admit to the felonious assault, sir.
The Court: With the gun specification?
Master [J.M.]: Yes, sir.
As stated, this was an agreed plea. J.M. was notified by the prosecutor and the court that by accepting this plea agreement, he would have to serve at least the mandatory three years on the gun specification. In addition, the prosecutor's office would agree to nolle the remaining counts of attempted murder, kidnapping, aggravated burglary, and aggravated robbery. Further, the prosecutor's office would agree to withdraw the Motion for Transfer of Jurisdiction and keep the only remaining charge in juvenile court.
The court inquired of J.M. if he understood the plea agreement, including the agreed sentence. J.M. admitted he understood the plea offer and sentence. He admitted it was his desire to admit to the felonious assault with the gun specification as part of the plea agreement. It is clear from the record that the appellant understood he was entering into a plea agreement that included an agreed incarceration of at least three years on the gun specification. The actions of the court substantially complied with Juv.R. 29 and Crim.R. 11. The appellant made his admission voluntarily with the understanding of the nature of the allegation and the consequences of the admission under Juv.R. 29(D)(1).
Therefore, the appellant's first assignment of error is not well taken.
The appellant's second assignment of error states:
 II. THE COURT ERRED IN ACCEPTING APPELLANT'S ADMISSION OF THE COMPLAINT AS IT WAS OBTAINED INVOLUNTARILY.
The appellant contends that his admission was obtained involuntarily since he was threatened into making his plea. The appellant contends that an officer with the First District threatened him that if he ever got back out on the streets, the officer was going to make sure that the appellant never saw "daylight again," and this constituted a threat. Specifically, the following exchange occurred:
 Master [J.M.]: He told me if I get back out there on the streets, he's going to make sure I never see daylight again. That's why he put all these cases on me. He figured that if he put all these cases on me, one would stick so I can get some time.
* * *
 The Court: And so your position is you didn't do anything? You're totally innocent? And you're only doing this because you're being threatened —
 Master [J.M.]: Sir, I'm innocent about all of these. I was just standing there at the wrong place at the wrong time, sir, me and my cousin. This situation was be going through right now all messed up (sic). * * *
 The Court: Do you understand — hold on a minute. Do you understand that if you're going to maintain that position — that you're being threatened or forced into making this admission, and that you are totally innocent on this — that I won't be able to accept your admission, that the state then will want to proceed with the motion to bind you guys over and have you go downtown and be tried as adults. Do you understand that?
 Master [J.M.]: No, sir. I don't want to get bind over. I'll keep it in the juvenile system, sir.
The Court: You want to keep it here?
Master [J.M.]: Yes, sir.
 The Court: Well, I need to hear it from you that you're doing this of your own free will, that you're not doing it because you feel that you're being threatened into it — * * *.
* * *
 The Court: * * * did somebody force you to accept this arrangement?
Master [J.M.]: No, sir.
The Court: — this plea.
 Master [J.M.]: No one has forced me, no one told me to take this plea, no one. No one threatened me on this one.
An appellate court will reverse a decision left to the discretion of the trial court when it is shown that the trial court abused its discretion. State v. Peterseim (1980), 68 Ohio App.2d 211, 213-214. A trial judge abuses his discretion when he displays an unreasonable, arbitrary or unconscionable attitude. State v. Longo (1982),4 Ohio App.3d 136, paragraph three of the syllabus. Based on the above facts, it is clear that the lower court did not abuse its discretion in accepting the appellant's agreed plea. The appellant was not threatened into accepting this plea as it was an agreed plea and sentence. The appellant was fully aware that if he did not accept this plea, his case would be bound over to the adult court, which the appellant chose not to do. The only real "threat" was the fear of being bound over to the adult court, and the testimony is clear that the appellant did not want to be bound over. He unequivocally understood the nature of his offenses and the possible repercussions.
There is no evidence in the record to support the appellant's allegations of threat; therefore, the appellant's second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND ANNE L. KILBANE, J., CONCUR.