OPINION
{¶ 1} Defendant-appellant, Michael Grubb, appeals his conviction for ten counts of rape in violation of R.C. 2907.02(A)(1)(b). We affirm the decision of the trial court.
 {¶ 2} Appellant was indicted for ten counts of rape on March 27, 2002. The charges involved appellant's sexual conduct with his two minor daughters on various dates from January 29, 1995 to February 2002. The indictment included an allegation that appellant purposefully compelled the victims to submit to sexual conduct by force or threat of force.
 {¶ 3} Appellant entered into a plea bargain with the state on October 24, 2002. He pled guilty to all ten counts in return for the state striking the "force or threat of force" language from the indictment, eliminating the possibility of life imprisonment. After a hearing, the trial court accepted appellant's plea. On December 19, 2002, appellant filed a motion to withdraw his guilty pleas. The trial court held a hearing on December 27, 2002, and overruled appellant's motion. Appellant was sentenced accordingly and classified as a sexual predator.
 {¶ 4} Appellant now appeals his conviction, raising the following single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 6} Generally, a motion to withdraw a guilty plea, filed before sentencing, "should be freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 527. Nevertheless, a defendant does not have "an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 7} The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the trial court's discretion. Id. at paragraph two of the syllabus. A reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at 525, quoting State v. Smith (1977),49 Ohio St.2d 261, 264. Absent an abuse of discretion, the trial court's decision to grant or deny a motion to withdraw a guilty plea must be affirmed. Id. at 527. An abuse of discretion implies that the trial court's ruling was "unreasonable, arbitrary, or unconscionable." Id., quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} In determining whether to grant a motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea, including whether he was represented by competent counsel at a full hearing where he voluntarily waived his right to a trial. See State v. Peterseim (1980), 68 Ohio App.2d 211; State v.Hamblin (Mar. 26, 2001), Butler App. No. CA2000-07-154; State v. Mosby
(Sept. 18, 2000), Butler App. No. CA2000-04-059. In addition, the court should examine whether withdraw of the plea will prejudice the prosecution, the timing of the motion, the reasons given for the withdraw, the defendant's understanding of the charges and penalties and the existence of a meritorious defense. State v. Fish (1995),104 Ohio App.3d 236.
 {¶ 9} In this case, appellant's stated reason for the request to withdraw his guilty plea is that he feels the voluntary nature of his plea was tainted by the lack of time he had to consider the plea. He argues that the plea bargain was offered on a Thursday and trial was scheduled to begin on Monday.
 {¶ 10} However, the trial court carefully explained appellant's rights to him at the hearing in which he changed his plea. In his brief, appellant concedes that the trial court adequately followed Crim.R. 11 in accepting his plea. Appellant was represented by competent counsel at the hearing and voluntarily waived his rights to a trial. Generally, a mere change of heart is insufficient justification to withdraw a plea.Hamblin; State v. Richardson (June 28, 1997), Butler App. No. CA97-09-183.
 {¶ 11} Additionally, there was a two-month delay after appellant changed his plea before he requested to withdraw the guilty plea. The prosecution argued that it would be prejudiced because the child victims had been told that they would not have to testify and that the case was over, and two months had already passed beyond the originally scheduled trial date. Appellant conceded at the hearing that there would be some prejudice to the prosecution by the delay. The trial court stated that it would victimize the children a second time to require them to appear in court and testify against their father after they had been told that their testimony would not be needed. Finally, appellant does not appear to have a meritorious defense in that he gave a statement to a police officer admitting the sexual conduct.
 {¶ 12} We find no abuse of discretion in the trial court's decision to deny appellant's motion. The trial court considered all of the above factors in determining that appellant's motion to withdraw his plea should be denied. The trial court found that appellant's stated reason, when considered in conjunction with the other factors weighed against granting the motion. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.