DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Vermilion Municipal Court wherein appellant, Robert E. Holdcroft, was convicted of driving while under the influence of alcohol. Because we find no abuse of discretion, we affirm the judgment of the trial court.
 {¶ 2} The facts giving rise to this appeal are as follows. On May 19, 2003, appellant was arrested for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3). The arresting officer recorded appellant's blood alcohol concentration as .136 and checked a box indicating that he obtained this result via a breath test. On May 20, 2003, appellant entered a no contest plea to the charge and he was sentenced to three days in jail or three days in a driver's intervention program, a $450 fine, and a 180 day license suspension.
 {¶ 3} On July 7, 2003, appellant filed a motion to vacate his no contest plea and requested a hearing. In support of his motion, appellant argued that he was unrepresented by counsel and he was unaware of the ramifications his plea would have on his out of state license as well as his employment. The trial court denied his motion without a hearing. Appellant now appeals setting forth the following assignment of error:
"The trial court committed prejudicial error when it failed to conduct a hearing on appellant's motion to withdraw the guilty plea."
 {¶ 4} A hearing on a post-sentence motion to withdraw a guilty plea is not mandated if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea. State v. Blatnik
(1984), 17 Ohio App.3d 201, 204. Such a motion may be granted only to correct a manifest injustice and is addressed to the sound discretion of the trial court. Crim.R. 32.1; State v.Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus;State v. Peterseim (1979), 68 Ohio App.2d 211, 213,428 N.E.2d 863. Appellate review of a denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion in reaching its decision, that is, whether the court's attitude was unreasonable, arbitrary, or unconscionable. Smith,
supra, at 264; Peterseim, supra, at 214; Blatnik, supra, at 202.
 {¶ 5} The record shows that before appellant appeared in court to enter his no contest plea, the court provided him with a handbook to read and review. The handbook explained the pleas that were available to him. Before proceeding, the trial judge asked appellant if he had read and understood the handbook. Appellant responded affirmatively. The record further shows that the trial judge asked appellant if he wanted to have an attorney represent him on the charge and appellant responded "no, thank you." The court also informed appellant that if he could not afford an attorney he would be entitled to representation from an Erie County public defender. Appellant again declined to accept representation. After appellant entered his no contest plea, the trial judge asked him if he had spoken to an attorney regarding the charge. Appellant explained that he had called a friend of his who is an attorney and they spoke about the charge. Appellant told the judge that as a result of his conversation with his friend, he felt knowledgeable enough to go ahead with his plea. Reminding appellant that he was from out of state, the trial judge asked appellant if he felt knowledgeable enough to go ahead with his plea "at this point in time?" Appellant assured the judge that he was.
 {¶ 6} The trial judge then engaged appellant in the following Crim. R. 11 colloquy:
 {¶ 7} "Trial Judge: Do you understand that in Ohio [a no contest plea is] not an admission of guilt, but it is a statement that the facts in the complaint are accurate?
 {¶ 8} "Appellant: Yes.
 {¶ 9} "Trial Judge: Okay. Do you understand that you have the right to have an attorney represent you at these or any proceedings in Ohio and if you thought you couldn't afford one, we would have had one appointed to represent you?
 {¶ 10} "Appellant: Yes.
 {¶ 11} "Trial Judge: Do you understand that by giving up that right, that there's no, um, counsel present at your side when you're entering this plea and you're doing this with a voluntary waiver of the right to counsel?
 {¶ 12} "Appellant: (No audible response.)
 {¶ 13} "Trial Judge: Do you understand that by proceeding here this morning, you're giving up your right to have your guilt or innocence determined at trial either by a judge or jury?
 {¶ 14} "Appellant: Yes.
 {¶ 15} "Trial Judge: Do you further understand that you're having — the right to have your guilt proven by the prosecutor beyond a reasonable doubt, you're also giving that up?
 {¶ 16} "Appellant: Yes.
 {¶ 17} "Trial Judge: Do you understand that you're giving up your right to cross-examine any accusers on this matter?
 {¶ 18} "Appellant: Yes.
 {¶ 19} "Trial Judge: Do you understand that you're giving up the right to testify on your own behalf?
 {¶ 20} "Appellant: Yes.
 {¶ 21} "Trial Judge: Do you understand that you're giving up the right to subpoena witnesses who could have assisted you at trial?
 {¶ 22} "Appellant: Yes.
 {¶ 23} "Trial Judge: And, further, do you understand that in our state, I don't know about Pennsylvania, if you have repeat offenses of this level they can be elevated to a felony status?
 {¶ 24} "Appellant: Yes."
 {¶ 25} Appellant also signed a written waiver of his rights which stated in pertinent part: "[I] further acknowledge that I have entered into a meaningful discussion with the court regarding my rights and knowingly, intelligently and voluntarily waive the above rights as explained to me according to criminal rule 11 and enter a plea of no contest." The trial judge accepted appellant's plea and proceeded to sentencing.
 {¶ 26} Upon thorough review of the record of proceedings in the trial court, we find that appellant raises no issue relative to the plea hearing on May 20, 2003 that rises to the level of manifest injustice. We therefore find that the trial court did not abuse its discretion by denying his motion without first holding a hearing. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 27} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Vermilion Municipal Court is affirmed. Costs assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.