JOURNAL ENTRY AND OPINION
The appellant, Brian Hartman, appeals pro se the refusal of the Common Pleas Court to allow him to withdraw a plea he had entered to a violation of Ohio drug laws. After careful review of the record, we conclude the trial court erred when it failed to conduct a hearing concerning Mr. Hartman's motion to withdraw his guilty plea and failed to have Mr. Hartman present at his sentencing hearing. Therefore, we affirm the conviction but remand for a hearing on Hartman's motion to withdraw his guilty plea and for sentencing.
At his arraignment, Mr. Hartman entered a plea of not guilty and the court assigned an attorney to represent him. On March 10, 1997, he withdrew his plea of not guilty and entered a plea of guilty to possession of drugs in violation of R.C. 2925.11, a felony of the first degree. As part of the plea agreement, Mr. Hartman agreed to a prison term of nine years without eligibility for any form of early release. This agreement encompassed a second pending case for aggravated assault and the dismissal of a probation violation. (Tr. at 8). The court agreed to permit Mr. Hartman to be released from the county jail pending sentencing to get his personal affairs in order.
On April 8, 1997, Mr. Hartman, through a new attorney retained by him, filed a motion to withdraw his guilty plea based on ineffective assistance of his former counsel.
On April 24, 1997, Mr. Hartman appeared in court with his new attorney for a hearing on the merits of his motion to withdraw guilty plea. At the hearing, a discussion was held in which his retained attorney stated that he intended to call Mr. Hartman's mother as a witness with regard to his former attorney's representation of Mr. Hartman. Because his former attorney was not present in the courtroom, the hearing on the motion to withdraw was continued until April 29, 1997. No such hearing took place.
On July 2, 1997, the court sentenced Mr. Hartman to the agreed term of nine years in a penal institution. Although the criminal docket reflects that Mr. Hartman was present at the sentencing, no transcript exists reflecting this.
On August 6, 1997, the trial court entered a nunc pro tunc entry to July 7, 1997, overruling Mr. Hartman's motion to withdraw his guilty plea.
Mr. Hartman filed a delayed appeal and assigns five errors which we will review in reverse order.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING APPELLANT ABSENTE REO, HAVING FULL KNOWLEDGE THAT APPELLANT WAS AVAILABLE TO THE COURT, WHICH THEREBY VIOLATED APPELLANT'S RIGHT TO ADDRESS THE COURT IN HIS OWN BEHALF IN MITIGATION OF PUNISHMENT.
Mr. Hartman claims that the trial court erred by failing to have him present at his sentencing. The State concedes this assignment of error and agrees that the record is silent as to the sentencing of Mr. Hartman.
Crim.R. 43(A), which deals with the presence of a defendant during legal proceedings, provides that a defendant "shall be present at * * * every stage of the trial, including * * * the imposition of sentence * * *."
Accordingly, the cause is remanded to the trial court with instructions to vacate the journal entry sentencing Mr. Hartman, and then to sentence him in accordance with law.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF APPELLANT, BY FAILING TO GRANT APPELLANT A HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA WHEN SAID MOTION HAD BEEN FILED PRIOR TO SENTENCING, AND AFTER IT HAD BEEN FIRMLY ESTABLISHED THAT IT WAS DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL THAT APPELLANT HAD ENTERED HIS GUILTY PLEA, AND BECAUSE APPELLANT HAD RETAINED NEW COUNSEL, HE WANTED TO WITHDRAW HIS FORMER PLEA AND PROCEED TO TRIAL.
Mr. Hartman claims that the trial court erred by failing to hold a hearing on his motion for withdrawal of his guilty plea. The State maintains that Mr. Hartman was afforded an opportunity to articulate reasons for his motion to withdraw his plea at the hearing conducted before the court on April 24, 1997.
A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1 which state:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
The general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality. State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citing Barker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.
The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are:
(1) The competency of the accused's counsel;
 (2) Whether the accused was offered a Crim. R. 11 hearing before entering the plea;
 (3) Whether the accused is given a complete and impartial hearing on the motion to withdraw; and
 (4) Whether the court gave full and fair consideration to the plea withdrawal request.
State v. Peterseim, supra, at 214.
Applying the third and fourth factors to the present case requires an evaluation of the extent of the plea withdrawal hearing and whether the court gave proper consideration to the motion. State v. Xie, supra, at 527.
Here, the record does not reflect that Mr. Hartman was given a complete hearing on his motion to withdraw the plea or that the court considered his motion and all the circumstances surrounding the entering of the plea. The record reveals that the court began the hearing on April 24, 1997 and continued it until April 29, 1997. The hearing, however, was not resumed on that date; instead, the court, by a nunc pro tunc entry dated July 7, 1997, overruled Mr. Hartman's motion. Thus, Mr. Hartman was denied the opportunity to testify or to present witnesses at the hearing and to have the merits of his cause completely reviewed by the trial court. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the plea. See State v. Xie, supra, at 527.
Accordingly, we conclude that the court erred in not conducting a hearing on Mr. Hartman's motion for withdrawal of his guilty plea, and, thus, the cause is remanded to the trial court for proceedings consistent with the foregoing opinion.
Mr. Hartman's first, second and third assignments of error are rendered moot by this determination and, thus, need not be decided in accordance with Appellate Rule 12(A)(1)(c).
Judgment of conviction pursuant to the plea agreement is affirmed. Matter remanded for a hearing on Hartman's motion to withdraw his guilty plea and for sentencing as outlined in this opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and O'DONNELL, J., CONCUR.
 ____________________________________ JAMES J. SWEENEY, PRESIDING JUDGE