JOURNAL ENTRY and OPINION
{¶ 1} Joshua Brissett appeals from the Cuyahoga County Court of Common Pleas' denial of his motion to withdraw his guilty plea and subsequent conviction for felonious assault in violation of R.C. 2903.11. Brissett assigns the following as error for our review:
 {¶ 2} "The trial court abused its discretion when it failed toconduct a meaningful hearing on the appellant's motion for withdrawal ofplea of guilty, filed prior to sentencing, thereby depriving appellant ofhis right to due process of law guaranteed by the Fifth andFourteenth Amendment[s] to the United States Constitution."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 4} On October 23, 2001, a grand jury indicted Brissett on one count of felonious assault in violation of R.C. 2903.11 and one count of child endangering in violation of R.C. 2919.22. Brissett pled not guilty to these charges.
 {¶ 5} On September 11, 2001, Brissett withdrew his plea of not guilty and entered a plea of guilty to the felonious assault charge. The court found Brissett guilty of felonious assault and dismissed the second count.
 {¶ 6} Prior to sentencing, Brissett moved the court, under Crim.R. 32.1, to permit withdrawal of his guilty plea. Following a merit hearing, the trial court denied Brissett's motion and proceeded to sentence him to five years imprisonment. This appeal followed.
 {¶ 7} In his sole assigned error, Brissett argues the trial court erred by denying his motion to withdraw his guilty plea without holding a "meaningful" hearing. We disagree.
 {¶ 8} Although a defendant is not vested with an absolute right to withdraw a guilty plea, a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated.[1] The decision to grant or deny such motion is fully within the trial court's discretion and shall remain undisturbed absent a showing that the trial court abused its discretion.[2] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *."[3]
 {¶ 9} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."[4]
 {¶ 10} Here, the sole factor at issue is whether the court granted Brissett a complete and impartial hearing on his motion. Brissett describes the hearing as "cursory." Nonetheless, as evidenced by the following dialogue, we determine the trial court provided Brissett with adequate opportunity to be heard on his motion.
 {¶ 11} "The Court: What do you have to say about this motion?
 {¶ 12} "Mr. Brissett: [My attorney] here did not show me any type of evidence on anything. When I asked about the police report, he told me that he couldn't get a copy of it. When I asked him to get this paperwork from the hospital for me, he —
 {¶ 13} "The Court: All right, let me interrupt you here. During the course of your plea, I asked you if you were satisfied with the attorney that was representing you and has he explained everything to you and answered all your questions, and you indicated yes at that time.
 {¶ 14} "Mr. Brissett: Yes, I did, because — because of the plea — I pled only because — because to save my family from not going — being —
 {¶ 15} "The Court: What is your defense in this case?
 {¶ 16} "Mr. Brissett: What's my defense? That I don't know nothing about this case. Only thing I know is what he said, what he have told me."
 {¶ 17} The court then briefly discussed the case with Brissett and his counsel before denying the motion and proceeding to sentencing.
 {¶ 18} Although the hearing must be complete and impartial, it need not be extensive.[5] Brissett has presented no argument indicating the hearing was incomplete or partial; Brissett simply argues it was cursory. While this may be subjectively true, such a categorization fails to demonstrate a violation of due process. Further, this record reveals the trial court afforded Brissett sufficient opportunity to set forth the bases of his motion: that he knew nothing of the case and that he pled guilty because of his family. The trial court considered these statements and questioned Brissett and his attorney on their veracity. The trial court then exercised its discretion to deny Brissett's motion.
 {¶ 19} On this record, we conclude the trial court conducted a complete and impartial hearing in satisfaction of Brissett's right. Accordingly, the trial court did not abuse its discretion in denying Brissett's motion to withdraw his guilty plea, and Brissett's assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] State v. Xie (1992), 62 Ohio St.3d 521; State v. Peterseim (1980),68 Ohio App.2d 211, quoting Barker v. United States (1978),579 F.2d 1219.
[2] Xie; Peterseim.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted).
[4] Peterseim, paragraph three of the syllabus.
[5] State v. Pratt, Cuyahoga App. Nos. 80189 and 80190, 2002-Ohio-4433, citing State v. Sherrills (Nov. 30, 2000), Cuyahoga App. No. 77178.