JOURNAL ENTRY and OPINION
{¶ 1} In this appeal assigned to the accelerated calendar, plaintiff-appellant Matthew DeVenne challenges the trial court's decision to deny his pre-sentence motion to withdraw his guilty plea to a charge of breaking and entering.
 {¶ 2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. Crawford v. Eastland Shopping MallAssn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Appellant argues the trial court abused its discretion in denying his motion. Since the facts of this case support appellant's argument, his assignment of error is sustained.
 {¶ 4} Appellant in this case was indicted on two fifth-degree felony charges; the charges resulted from his clandestine re-appropriation of his vehicle from a dealership lot without paying for repairs made to the vehicle. Apparently, efforts between the police department and the dealership to resolve the matter by less drastic means than criminal prosecution of appellant remained unsuccessful.
 {¶ 5} Appellant ultimately obtained a plea agreement by which the state dismissed the second fifth-degree felony charge in exchange for appellant's guilty plea to a count of breaking and entering.
 {¶ 6} At the commencement of the plea hearing, retained defense counsel acknowledged he discussed with appellant the potential negative effect a felony conviction would have on appellant's ability to work at his mother's child care and fitness center. Counsel requested the trial court to consider permitting the case to be dismissed in order that appellant could be placed in the "diversion program." The trial court denied the request. The plea hearing proceeded; the court thereafter accepted appellant's guilty plea.
 {¶ 7} A day prior to sentencing, with new counsel representing him, appellant filed a motion to withdraw his plea. The trial court conducted a hearing on the motion before denying it and sentencing appellant to a community control sanction.
 {¶ 8} In his sole assignment of error, appellant argues the trial court's denial of his motion should be reversed. He essentially contends that the record reflects the court failed to give "full and fair consideration" to his motion, as required by State v. Peterseim (1980),68 Ohio App.2d 211. A review of the record supports appellant's argument.
 {¶ 9} Although a defendant does not have an absolute right to withdraw his plea prior to sentencing; nevertheless, such a motion "should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527. The trial court's comments when confronted with appellant's motion demonstrate it failed to adhere to the foregoing rule of law and thus abused its discretion in denying appellant's motion. State v. Alls (Dec. 24, 1984), Trumbull App. No. 3313.
 {¶ 10} Appellant indicated at the outset of the hearing that he had not fully appreciated that a felony conviction would adversely affect his ability to hold a license to work in his chosen field. Rather than discussing appellant's reason, or questioning the prosecutor's decision to pursue serious criminal charges against appellant in a matter which was, at its core, civil in nature, the court questioned defense counsel as to whether he "ha[d] any law that says that that's a proper reason for withdrawing a plea."
 {¶ 11} The court approached the hearing having already made a decision to deny appellant's motion. This is demonstrated by the court's offense at appellant's decision to employ new defense counsel to present the motion; the court asserted the tactic was "a question of buying justice." The court put the issue in the following terms: "The facts are that [appellant is] guilty. But now [he] brought in a new attorney, and now after all this time we're going to allow a vacate of plea and dismissal of the case. I don't think so." With this mind set, the trial court was predisposed to treat appellant's motion as simply a means to refuse responsibility for the "crime." Thus, during testimony given by appellant's mother, the court's questions to the witness displayed an adversarial quality.
 {¶ 12} Based upon the record, the trial court did not "carefully weigh" the basis of appellant's motion and therefore abused its discretion in denying it. Cf., State v. Peterseim, supra.
 {¶ 13} Consequently, appellant's assignment of error is sustained.
 {¶ 14} Appellant's guilty plea is vacated. Accordingly, appellant's conviction and sentence also are vacated.
 {¶ 15} This case is remanded for further proceedings.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and McMonagle, J. Concur.