OPINION
{¶ 1} This is an appeal from a judgment of conviction after a plea of guilty and sentencing subsequent to a denial of a motion to withdraw such guilty plea.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged with one count of Domestic Violence and two counts of Violation of a Temporary Restraining Order.
 {¶ 3} Appellant was placed under an Administrative License Suspension.
 {¶ 4} Appellant initially demanded a jury trial on all three counts.
 {¶ 5} On April 12, 2005, Appellant changed his former plea and entered a guilty plea to the charge of domestic violence. Base on such plea, and upon motion of the State of Ohio, the two charges of violating a temporary restraining order were dismissed. The trial court ordered a pre-sentence investigation at that time.
 {¶ 6} On May 12, 2005, prior to sentencing, Appellant filed a Motion to Withdraw Guilty Plea. The State of Ohio filed a motion in opposition.
 {¶ 7} On June 14, 2005, the trial court held an oral hearing on said Motion to Withdraw Guilty Plea. At said hearing, the trial court heard argument and testimony from Appellant.
 {¶ 8} The trial court denied Appellant's Motion to Withdraw Guilty Plea.
 {¶ 9} On July 12, 2005, the trial court sentenced Appellant to ninety (90) days in jail and imposed a fine.
 {¶ 10} Appellant now appeals his conviction and the denial of his Motion to Withdraw Guilty Plea, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."
 I. {¶ 12} Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 13} Crim.R. 32.1 governs the withdrawal of a guilty plea. It provides:
 {¶ 14} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 15} Crim.R. 32.1 itself does not provide guidelines for a trial court to use in ruling on a pre-sentence motion to withdraw a plea.
 {¶ 16} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality. State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citing Barker v. United States (C.A.10, 1978), 579 F.2d 1219,1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie
(1992), 62 Ohio St.3d 521. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.
 {¶ 17} The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 18} Thus, this Court will not reverse the decision of the trial court absent an abuse of discretion. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} Upon filing his motion to withdraw his plea, appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea.
 {¶ 20} A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, which the court did in the case sub judice.
 {¶ 21} Appellant asserts that he was coerced into making his guilty plea and that such was therefore, not voluntary, knowing or intelligent.
 {¶ 22} Crim.R. 11 rule states:
 {¶ 23} "* * *
 {¶ 24} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 25} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 26} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 27} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 28} Prior to accepting appellant's plea, the trial court conducted a hearing to evaluate whether appellant's plea was being made knowingly, intelligently and voluntarily.
 {¶ 29} At the April 12, 2005, change of plea hearing, the following exchange took place:
 {¶ 30} "The Court: Mr. Nickel, what — let me explain the process. It's been represented to me that you're gonna change your plea to Guilty, and we'll do a pre-sentence investigation; and part of that process is you'll talk to a probation officer, and then you'll come back in again for sentencing, and you'll also have a chance to speak at that time. So you can talk now or then, whatever you'd like to do.
 {¶ 31} "Mr. Nickel: I'll talk then.
 {¶ 32} "The Court: You'll just make your statement then; that's fine. And actually, as we proceed with sentencing, that's — it's fresher in my memory, so that's probably a good idea. Mr. Nickel, it's been represented to me you're gonna change your plea; is that correct?
 {¶ 33} "Mr. Nickel: Right.
 {¶ 34} "The Court: And what are you changing your plea to?
 {¶ 35} "Mr. Nickel: Guilty.
 {¶ 36} "The Court: Now you understand that a plea of Guilty is a complete admission of your guilt and you will then be sentenced?
 {¶ 37} "Mr. Nickel: Yes.
 {¶ 38} "The Court: And if you have any defenses to these charges, you give those defenses up when you enter a plea of Guilty; you understand that?
 {¶ 39} "Mr. Nickel: I understand.
 {¶ 40} "The Court: I will accept your plea of Guilty, and would like to have the officer's report read or would you waive that?
 {¶ 41} "Mr. King: We'll waive that, Your Honor.
 {¶ 42} "The Court: Alright. Then I will enter a finding of Guilty and refer this to the probation department for a pre-sentence investigation. Upon motion of State, the charge of Violating a Civil Protection Order set forth in 04-CRB-974 is dismissed, and the charge in 05-CRB-33, Violating a Civil Order is also dismissed. You may go with the bailiff." (4/12/05 Change of Plea hearing, T. at 2-3).
 {¶ 43} At the June 14, 2005, hearing on the Motion to Withdraw Plea, Appellant addressed the trial court as follows:
 {¶ 44} "The Court: Mr. Nickel, what would you like to say?
 {¶ 45} "Mr. Nickel: Please, You Honor, coming up here last month to — for my change of plea that we — that was — that had come up to, I talked to my attorney, Mr. King, on cell phone and on the way up here I still said I had an issue with pleading guilty to something I didn't do. Mr. King then, I believe, talked to Mr. Smith and was — then it got back to me that if I don't plead to guilty like I agreed to that I would spend six months on each charge, so — 180 days in jail, which I don't — I didn't feel like I could do based on paying child support for my children and trying to spend more time with my kids. That's — I didn't want to the time. So that was, what, about a half an hour before I came here and entered my plea of guilty. Soon as I left this room, I went with Mr. O'Hara in his office and he asked me what happened on August 4th, and I said, "sir, nothing happened on August 4th. I didn't do anything." And then I said, I said, "I made a mistake." I feel I was coerced into changing my plea. Soon as I left this room, I realized I made a huge mistake. I just really would like to go to trial. I think a lot of things would come out in a trial. I just respectfully request the Court to allow me to change my plea.
 {¶ 46} "The Court: Are you saying your counsel was incompetent?
 {¶ 47} "Mr. Nickel: No."
 {¶ 48} (6/14/05 Motion to Withdraw hearing, T. at 3-4).
 {¶ 49} Upon review of the record, we find that the plea hearing adequately established that defendant knowingly, intelligently, and voluntarily entered his plea. Furthermore, the trial court was not persuaded by defendant's proffered reasons to vacate his plea based un his argument that he felt pressured and that he did not want to serve 180 days in jail. On review, we cannot find anything in the record to indicate that the trial court abused its discretion by denying defendant's motion to vacate his plea.
 {¶ 50} Appellant's sole assignment of error is overruled.
 {¶ 51} The decision of the Mount Vernon Municipal Court is affirmed.
Boggins, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed. Costs assessed to appellant.