OPINION *Page 2 
{¶ 1} Appellant, Kelly Carpenter, appeals the December 30, 2005 decision of the Muskingum County Court of Common Pleas denying his motion to withdraw his guilty pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 13, 2001, the Muskingum County Grand Jury indicted appellant on one count of Domestic Violence, a felony of the fifth degree. On July 18, 2001, appellant pled "not guilty" to this charge.
 {¶ 3} On December 19, 2001, the Muskingum County Grand Jury indicted appellant on one count of Voluntary Manslaughter with a Firearm Specification, a felony of the first degree, one count of Murder with a Firearm Specification, an unclassified felony, one count of Felonious Assault with a Firearm Specification, a felony of the second degree, and two counts of Having a Weapon While Under Disability, felonies of the fifth degree.
 {¶ 4} Appellant fled the State of Ohio soon after the second indictment.
 {¶ 5} In April of 2005, appellant was returned to the State of Ohio and jailed. Scott Eickelberger, appellant's attorney, met with him sometime around the arraignment. There is conflicting testimony regarding the number of times Mr. Eickelberger met with or spoke with appellant. Mr. Eickelberger spoke with appellant at least twice.
 {¶ 6} On April 27, 2005, appellant pled "not guilty" to the December 2001 indictment. *Page 3 
 {¶ 7} On August 12, 2005, appellant's counsel negotiated a plea deal. Appellant entered a "guilty" plea to one count of Domestic Violence, one count of Voluntary Manslaughter with a Firearm Specification, one count of Felonious Assault with a Firearm Specification and two counts of Having a Weapon While Under Disability. The trial court accepted the pleas after colloquy and awaited a pre-sentence investigation.
 {¶ 8} On September 28, 2005, Mr. Eickelberger filed a Motion to Withdraw Plea in each case. He also withdrew as counsel.
 {¶ 9} On October 18, 2005, appellant's new counsel filed a Motion to Withdraw Plea.
 {¶ 10} On November 21, 2005, the trial court conducted a hearing on the Motion to Withdraw Plea.
 {¶ 11} On December 30, 2005, the trial court issued a written decision denying the Motion to Withdraw Plea.
 {¶ 12} On February 2, 2006, the trial court sentenced appellant to an aggregate sentence of eighteen (18) years in prison.
 {¶ 13} On March 2, 2006, appellant filed a notice of appeal.
 {¶ 14} One appeal, appellant raises one Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 15} "I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S PETITION TO VACATE THE GUILTY PLEAS." *Page 4 
 I. {¶ 16} Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 17} Crim.R. 32.1 governs the withdrawal of a guilty plea. It provides:
 {¶ 18} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 19} Crim.R. 32.1 itself does not provide guidelines for a trial court to use in ruling on a pre-sentence motion to withdraw a plea.
 {¶ 20} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality.State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citing Barker v.United States (C.A.10, 1978), 579 F.2d 1219, 1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.
 {¶ 21} The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion *Page 5 
to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 22} Thus, this Court will not reverse the decision of the trial court absent an abuse of discretion. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 23} Upon filing his motion to withdraw his plea, appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea.
 {¶ 24} A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, which the court did in the case sub judice.
 {¶ 25} The trial court had a full hearing on appellant's Motion to Withdraw Plea. The trial court heard testimony from appellant and Mr. Eickelberger. The trial court had discretion to weigh credibility of the witnesses. The trial court issued a decision citing several factors: (1) appellant reviewed the written plea form with his attorney, (2) Mr. Eickelberger testified the appellant "understood his rights and plea agreement better than any Defendant the attorney has represented," (3) appellant was advised and entered his plea on the record, (4) appellant and Mr. Eickelberger "spoke on several occasions and discussed defenses, including self-defense," and (5) due to the time lapse, there is prejudice to the State. See, Decision dated December 30, 2005. The trial court clearly weighed the credibility of the witnesses in issuing its decision. This Court cannot find an abuse of discretion. *Page 6 
 {¶ 26} The issue appellant draws the most attention to is whether Mr. Eickelberger was competent. There is no question that Mr. Eickelberger negotiated the plea deal on behalf of his client. Appellant argues that Mr. Eickelberger did not investigate reasonably. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v.Washington (1984), 466 U.S. 668, 691. Mr. Eickelberger took the names of witnesses appellant gave him and attempted to contact them. T. at 46-47. Mr. Eickelberger investigated enough to know one witness was deceased. T. at 52. This Court cannot conclude that this is unreasonable.
 {¶ 27} Next, appellant contends that Mr. Eickelberger was not competent because he made a statement that the victim was shot in the head and not in the chest as was the case. T. at 9, 12, 26. The Court cannot conclude that this, in and of itself, is incompetence.
 {¶ 28} The trial court did not abuse its discretion by denying appellant's Motion to Vacate the guilty plea.
 {¶ 29} Appellant's sole assignment of error is overruled.
 {¶ 30} The judgment of the Muskingum County Court Common Pleas is affirmed.
Delaney, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1