JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William George, appeals the trial court's judgment denying his presentence Crim. R. 32.1 motion to withdraw his pleas. We affirm.
 {¶ 2} A nine-count indictment was returned against George in this case, and consisted of the following charges: six first-degree felony charges (aggravated burglary, aggravated robbery, and kidnapping), each with firearm specifications; a second-degree felony charge (felonious assault), with firearm specifications; a third-degree felony charge (having a weapon while under a disability); and a fourth-degree felony charge (possession of drugs). George was also charged in Case No. CR-490901 with one count of drug trafficking and one count of drug possession.
 {¶ 3} George appeared at arraignment with retained counsel and entered a plea of not guilty. After engaging in discovery, George pled guilty on March 20, 2007, to count one, aggravated burglary, with a three-year firearm specification (amended to delete the one-year firearm specification), count seven, kidnapping (amended to delete both the one-and three-year firearm specifications), and count nine, having a weapon while under disability. The remaining counts of the indictment were nolled. George also pled guilty to possession of drugs in Case No. CR-490901; the drug trafficking count was nolled.
 {¶ 4} On March 30, 2007, George's attorney filed a motion to withdraw from his representation of George. Counsel stated that George was "adamant" that he wished to attempt to withdraw his pleas, and that counsel might, therefore, be *Page 4 
required to testify at a hearing on the motion to withdraw the pleas. Because counsel could not represent George and testify in the case under the Ohio Rules of Professional Conduct, he sought to withdraw. The court granted counsel's motion and appointed a new attorney for George. George's appointed attorney then filed a motion to withdraw the pleas, which the State opposed. A hearing was held on the motion, at the conclusion of which, the court denied the motion. George was then sentenced to a total 14-year term for both cases. In his sole assignment of error, George contends that the trial court abused its discretion by denying his motion to withdraw his pleas.
 {¶ 5} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527,584 N.E.2d 715. It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. *Page 5 
 {¶ 6} In State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863, paragraph three of the syllabus, this court held that:
 {¶ 7} "A trial court does not abuse its discretion in overruling a motion to withdraw the plea: (1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."
 {¶ 8} Here, George was given a hearing on his motion to withdraw his pleas, and upon review, we find that the court gave "full and fair consideration" to his motion and did not abuse its discretion by denying the motion.
 {¶ 9} At the hearing, George stated that he "never wanted to take the plea in the first place," but he listened to his attorney, because his attorney thought it was the right thing to do. According to George, the case was not ready to be tried, as discovery was not completed, and he was told by his attorney on the day of the pleas to plead or go to trial that day.
 {¶ 10} The assistant prosecuting attorney noted at the hearing, however, that "we weren't facing trial that day. The Court had given continuances in order for the defense to feel they had substantial time to prepare." The assistant prosecutor further argued at the hearing that she "had many conversations [with defense *Page 6 
counsel] about everything that was in my file, and I gave it freely and openly * * *."
 {¶ 11} The trial court found that George was represented by "highly-competent counsel," who was present at the numerous pretrials in this case where plea discussions were ongoing. The court further noted, and our review confirms, that a full plea hearing was held in compliance with Crim. R. 11. At the plea hearing, the court conducted an extensive inquiry of George, asking his education level, whether threats or promises had been made to get him to plea, whether he was under the influence of drugs or alcohol, and whether he was satisfied with his attorney's representation. He responded to all these questions, and notably, indicated that no threats or promises had been made to him and he was satisfied with his attorney's representation. George also indicated that he understood his various constitutional rights, the result of his plea upon them, and the possible penalties and punishment for each offense.
 {¶ 12} Further, our review of the record indicates discovery was ongoing during the numerous pretrial hearings in this case. At one hearing (bond hearing), the State made an oral motion for a DNA swab of George so that it could be compared with evidence on the scene. George agreed and submitted to the swab. DNA retrieved from the mask used during the crimes was George's DNA. *Page 7 
 {¶ 13} Based on the aforementioned, the trial court did not abuse its discretion by denying George's motion to withdraw his pleas and the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1