JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Darnelle Hudson appeals from the trial court's denial of his motion to vacate his guilty pleas to charges of felonious assault, with specifications, and having a weapon while under disability. For the reasons set forth below, we conclude that the trial court abused its discretion in connection with the nature of the hearing it afforded on the motion, and we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} The record reflects that in October 2006, defendant was indicted in Case No. 486710 for carrying a concealed weapon. He pled guilty to this charge on February 26, 2007. He was sentenced to two years of community control sanctions and was notified that he faced 17 months of imprisonment if he violated community control.
 {¶ 3} The record further reflects that in November 2006, defendant was indicted in Case No. 489059 for two counts of drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. Defendant pled guilty to the drug trafficking charges on February 26, 2007, and the remaining charges were nolled. Defendant was then sentenced to two years of community control sanctions and advised of a penalty of ten months of imprisonment if he violated the terms of community control.
 {¶ 4} On October 3, 2007, defendant and two co-defendants were indicted in Case No. 501627 in connection with the shooting of two children in a fight near a playground. Defendant was charged with three counts of felonious *Page 4 
assault pursuant to R.C. 2903.11 (A) (1) (knowingly cause serious physical harm), and two counts of felonious assault pursuant to R.C. 2903.11(A)(2) (knowingly cause or attempt to cause physical harm by means of a deadly weapon), all with one-year and three-year firearm specifications, having a weapon while under disability, and carrying a concealed weapon. Defendant pled not guilty, and the matter was referred to the court psychiatric clinic for competency and sanity evaluations. The matter was transferred to the mental health docket.
 {¶ 5} Defendant was determined to be both sane and competent, and his counsel entered into stipulations regarding these determinations. Thereafter, on March 25, 2008, defendant pled guilty to one count of felonious assault pursuant to R.C. 2903.11(A)(1) with a three-year firearm specification, and having a weapon while under disability. The remaining charges were dismissed.
 {¶ 6} The record indicates that co-defendant DeShaun Martin and defendants in an entirely separate matter, Anthony Brown and Chaz Jones, also entered guilty pleas in this proceeding. It is unclear from the record why this procedure was employed.
 {¶ 7} At this single proceeding for all of these individuals, the nature of defendant's charges was set forth on the record, and the trial court outlined his possible penalties. The trial court also outlined the offenses and penalties of the other individuals. The court then advised defendant of his rights and determined that he understood his rights and the nature of the proceedings, had *Page 5 
not received any promises or threats in exchange for the plea, and was satisfied with the representation he had received. Defendant then entered guilty pleas to the two charges.
 {¶ 8} The matter proceeded to sentencing on April 21, 2008. At this time, defendant's counsel orally moved to withdraw the guilty pleas and advised the court that defendant had expressed concerns about his understanding of the plea proceedings, had only an eleventh grade education, and was mentally challenged. Defendant informed the court that he had simply picked up the gun used by another assailant but was not the actual shooter in the incident near the playground.
 {¶ 9} The trial court did not probe the issues associated with defendant's mental status, even though the case was assigned to the mental health docket. The trial court then denied the motion and sentenced defendant to a total of ten years of imprisonment, plus three years of post-release control. The court additionally determined that defendant had violated his community control sanctions in Case Nos. 486710 and 489059 and it imposed a total of 27 months imprisonment in those matters, to be served consecutively to Case No. 501627.
 {¶ 10} Defendant now appeals and assigns one error for our review.
 {¶ 11} For his sole assignment of error, defendant asserts that the trial court erred in denying his presentence motion to vacate his guilty pleas. *Page 6 
 {¶ 12} Crim. R. 32.1 governs motions to withdraw guilty or no contest pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 13} In State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, the Supreme Court explained this rule as follows:
 {¶ 14} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'" Xie, supra, citing toState v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144, 149.
 {¶ 15} In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing, pursuant to Crim. R. 11 *Page 7 
before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v.Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863.
 {¶ 16} In this matter, the trial court's hearing pursuant to Crim. R. 11 was a proceeding which included a co-defendant and other individuals who had no connection to this matter. The court did not acknowledge that the matter was assigned to the mental health docket and did not address defendant's particular status. Moreover, the trial court did not explicitly determine that the plea was knowingly and voluntarily made and did not inquire as to whether the combined hearing in any way confused defendant.
 {¶ 17} In addition, the hearing on the motion to withdraw the plea was extremely brief, with the trial court addressing the determinations of sanity and competency, and counsel's conclusion that defendant understood the proceedings. A total of three pages of the transcript pertain to this issue. The court then denied the motion without explanation, and the defendant stated that he had simply picked up the gun after the shooting but was not the shooter.
 {¶ 18} On this record, we cannot say that the trial court held a complete and impartial hearing on the motion and gave the plea withdrawal request full and fair consideration. We therefore conclude that the trial court abused its *Page 8 
discretion in connection with the hearing that it afforded on the motion, and we reverse and remand the matter for another hearing.
 {¶ 19} The assignment of error is well-taken.
 {¶ 20} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., CONCURS COLLEEN CONWAY COONEY, A.J., CONCURS IN JUDGMENT ONLY. *Page 1